Anna Y. Park, SBN 164242
Rumduol K. Vuong, SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT** |
| v. | • **CIVIL RIGHTS** |
| | • **EMPLOYMENT DISCRIMINATION** |
| BRAUN ELECTRIC COMPANY, and DOES 1-10, Inclusive, | **(42 U.S.C. §§ 2000e, et seq.)** |
| Defendants. | **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an employment discrimination action brought by the United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Samara Schmidt and other similarly situated individuals who were adversely affected by such practices. As alleged with greater particularity in Paragraph 10 herein, the Commission alleges

1  that Defendant Braun Electric Company ("Braun") and Does 1-10 (collectively referred to

2  herein as "Defendants"), subjected Claimant Samara Schmidt, as well as other similarly

3  situated female employees, to unwelcome harassment of a sexual nature which was sufficiently

4  severe and pervasive to adversely affect the terms and conditions of their employment and

5  create a hostile work environment.

6                              **JURISDICTION AND VENUE**

7        1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

8  1343, and 1345.

9        2.      This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

10  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title

11  VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

12        3.      The employment practices alleged to be unlawful were committed within the

13  jurisdiction of the United States District Court for the Eastern District of California.

14                                    **PARTIES**

15        4.      Plaintiff EEOC is the agency of the United States of America charged with the

16  administration, interpretation and enforcement of Title VII, and is expressly authorized to bring

17  this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and

18  § 2000e-6.

19        5.      At all relevant times, Defendant Braun has continuously done business within

20  California and the jurisdiction of the United States District Court for the Eastern District of

21  California.

22        6.      At all relevant times, Defendant Braun has continuously employed fifteen (15) or

23  more persons.

24        7.      At all relevant times, Defendant Braun has continuously been employers

25  engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h)

26  of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

27        8.      Plaintiff is ignorant of the true names and capacities of Defendants sued as Does

28  1 through 10, inclusive (the "Doe Defendants").  Therefore, Plaintiff sues said Doe Defendants

1   by such fictitious names.  Plaintiff reserves the right to amend the complaint to name the Doe

2   Defendants as they become known.  Plaintiff alleges that each of the Defendants named as Doe

3   Defendants was in some manner responsible for the acts and omissions alleged herein and

4   Plaintiff will amend the complaint to allege such responsibility when Plaintiff has ascertained

5   the identity of the Doe Defendants.

6        9.     All of the acts and failures to act alleged herein were duly performed by and

7   attributable to all Defendants, each acting as a successor, alter ego, joint employer, integrated

8   enterprise, agent, employee, successor, or under the direction and control of the others, except

9   as otherwise specifically alleged.  The alleged acts and failures to act were within the scope of

10  such agency and/or employment, and each Defendant participated in, approved and/or ratified

11  the other Defendants' unlawful acts and omissions alleged in this complaint.  Whenever and

12  wherever reference is made in this Complaint to any act by a Defendant or Defendants, such

13  allegations and reference shall also be deemed to mean the acts and failures to act of each

14  Defendant acting individually, jointly, and/or severally.

15                      **STATEMENT OF CLAIMS**

16       1.     More than thirty (30) days prior to the filing of this lawsuit, Claimant Samara

17  Schmidt filed a charge of discrimination with the Commission alleging that Defendant Braun

18  violated Title VII.  The Commission conducted an investigation into the charge by Claimant

19  Schmidt.  At the conclusion of this investigation, the Commission issued a Letter of

20  Determination finding that Defendants subjected Claimant Schmidt and similarly situated

21  individuals were subjected to unlawful employment discrimination based upon their sex, female,

22  in violation of Title VII.  Prior to instituting this lawsuit, the EEOC attempted to eliminate the

23  unlawful employment practices herein alleged and to effect voluntary compliance with Title VII

24  through informal methods of conciliation, conference, and persuasion within the meaning of

25  Section 706(b) of Title VII, 42 U.S.C. Sections 2000e-5(b).  The Commission provided a

26  proposed conciliation agreement on July 12, 2012 and conducted an in person conciliation

27  conference on July 16, 2012.  All conditions precedent to the institution of this lawsuit have been

28  fulfilled.

10.    Since at least August 2010, Defendants have engaged in unlawful employment practices at their Belridge and Taft facilities in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) when they subjected Claimant Samara Schmidt and similarly situated female employees to unwelcome sexual conduct by a male supervisor ("supervisor"), which was sufficiently severe and pervasive to adversely affect the terms and conditions of their employment and which created a hostile work environment based on their sex (female).

    a)  The sexual harassment included, but was not limited to, the supervisor subjecting Claimant Schmidt and similarly situated female employees to sexually offensive comments and derogatory names on an almost daily basis.  These comments included calling Claimant Schmidt a "slippery clitted bulldyke," commenting that he wanted to see Claimant Schmidt and a co-worker kiss and touch their breasts, and asking if Claimant Schmidt wanted "creamy jizz."  Among the comments made to similarly situated individuals were comments about the individual's breasts.

    b)  The sexual harassment was unwelcome.  Claimant Schmidt and other similarly situated female employees were offended by the supervisor's sexual conduct, telling the supervisor to stop his conduct.

    c)  The sexual harassment was sufficiently severe and pervasive to create a hostile work environment.  The sexual conduct occurred frequently throughout the employment of Claimant Schmidt and other similarly situated female employees.  The conduct was also severe as it included sexually graphic remarks.

    d)  Defendants are liable for the hostile work environment created by the Alleged Discriminating Official.  Despite receiving a complaint in August 2010 that the Alleged Discriminating Official was harassing female employees, Defendants failed to take reasonable steps to prevent and/or correct the harassment, but instead permitted the harassment to continue and worsen.

1    11.    The effect of the practices complained of, as described above, has been to deprive

2    Claimant Samara Schmidt and similarly situated aggrieved individuals of equal employment

3    opportunities and otherwise adversely affect their status as employees, because of their sex,

4    female.

5    12.    The unlawful employment practices complained of in Paragraph 10 above were

6    intentional and caused Samara Schmidt and similarly situated individuals to suffer emotional

7    distress.

8    13.    The unlawful employment practices complained of in Paragraph 10 above were

9    done with malice or with reckless indifference to the federally protected rights of Samara

10   Schmidt and similarly situated individuals as the supervisor.  Defendants were aware that the

11   supervisor had sexually harassed females in the months prior to when the harassment of Samara

12   Schmidt began but Defendants had failed to adequately address the violation of Title VII.

13   **PRAYER FOR RELIEF**

14   Wherefore, the Commission respectfully requests that this Court:

15   A.    Grant a permanent injunction enjoining Defendants, their officers, successors,

16   assigns, and all persons in active concert or participation with them, from engaging in sexual

17   harassment, and any other employment practice which discriminate on the basis of sex.

18   B.    Order Defendants to institute and carry out policies, practices, and programs

19   which provide equal employment opportunities for women, and which eradicate the effects of its

20   past unlawful employment practices.

21   C.    Order Defendants to make whole Samara Schmidt and similarly situated

22   individuals by providing compensation for past and future pecuniary losses resulting from the

23   unlawful employment practices described in Paragraph 10 above, in amounts to be determined at

24   trial.

25   D.    Order Defendants to make whole Samara Schmidt and similarly situated

26   individuals by providing compensation for past and future non pecuniary losses resulting from

27   the unlawful practices complained of in Paragraph 10 above, in amounts to be determined at

28   trial.

1    E.    Order Defendants to pay Samara Schmidt and similarly situated individuals

2 punitive damages for their malicious and/or reckless conduct described in Paragraph 10 above, in

3 amounts to be determined at trial.

4    F.    Grant such further relief as the Court deems necessary and proper in the public

5 interest.

6    G.    Award the Commission its costs of this action.

7                    **<u>JURY TRIAL DEMAND</u>**

8    The Commission requests a jury trial on all questions of fact raised by its complaint.

9

10

11 Dated: September 20, 2012          Respectfully Submitted

12                                   P. DAVID LOPEZ,
13                                   General Counsel

14                                   JAMES LEE,
15                                   Deputy General Counsel

16                                   GWENDOLYN YOUNG REAMS,
                                     Associate General Counsel
17

18                                   U.S. EQUAL EMPLOYMENT
                                     OPPORTUNITY COMMISSION
19                                   131 M Street, NE
                                     Washington, DC 20507
20

21                                   By: _____
                                          Anna Y. Park,
22                                        Regional Attorney
                                          U.S. EQUAL EMPLOYMENT
23                                        OPPORTUNITY COMMISSION

24

25

26

27

28