UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRAUN ELECTRIC COMPANY,<br><br>　　　　Defendant. | Case No.: 1:12-cv-01592 - JLT<br><br>ORDER VACATING THE HEARING DATE OF NOVEMBER 4, 2013<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STAY<br><br>(Doc. 22) |

　　　　Counsel for Plaintiff, the Equal Employment Opportunity Commission ("EEOC") requests a stay in this action "spanning the duration of the shutdown of operations of the Federal Government or, in the alternative, a continuance of all deadlines in this matter for thirty (30) days." (Doc. 22 at 1).[1] As counsel notes, the EEOC is a federal agency, and "appropriations for funding Federal Government operations lapsed" on September 30, 2013. *Id.* at 3. As a result, "EEOC lawyers . . . are prohibited from engaging in any litigation activities in the present circumstances." *Id.*

　　　　The Supreme Court explained the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936). To evaluate whether to stay an action, the Court must the weigh competing interests that will be affected

---

[1] Because the Court finds the matter suitable for decision without oral argument, Plaintiff's motion is taken under submission pursuant to Local Rule 230(g), and the hearing date of November 4, 2013 is **VACATED**.

1

by the grant or refusal to grant a stay.  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  Among these competing interests are: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.  *Id.* (citing *Landis*, 299 U.S. at 254-55)).

The party seeking a stay "bears the burden of establishing its need."  *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).  The Supreme Court explained, "If there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity."  *Landis*, 299 U.S. at 255.  The decision whether to grant or deny a stay is committed to the Court's discretion.  *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

In this action, the parties are engaged in discovery, and currently the deadline to designate experts is October 21, 2013.  (Doc. 7 at 1).  However, Plaintiff's counsel is precluded from working on this action "until appropriations for funding Federal Government operations are restored" by Congress.  (Doc. 22 at 4).  On October 3, 2013, Defendant Braun Electric Company filed a notice of non-opposition to the motion to stay.  (Doc. 24).  Thus, it does not appear counsel believes Defendant would suffer any damage upon the entry of stay, and Plaintiff has set forth "a clear case of hardship" with the inability to proceed with discovery.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to stay (Doc. 22) is **GRANTED**;
2. The matter is **STAYED** pending a resolution from Congress; and
3. Plaintiff **SHALL** file a status report <u>within seven days</u> of the restoration of funding to the Equal Employment Opportunity Commission.

IT IS SO ORDERED.

Dated:   **October 7, 2013**              /s/ Jennifer L. Thurston
                                                                     UNITED STATES MAGISTRATE JUDGE