important responsibility to report harassment so that the employer can correct problems as they arise. Employees are not allowed to ignore an employer's reasonable procedures for reporting harassment, but then later seek financial redress in the courts for the very harassment the employee never attempted to avoid. Ms. Schmidt knew how to report harassment; she simply failed to do so until her last day at work. Her undisputed failure to take advantage of any opportunity to avoid the harm she now seeks financial compensation for precludes her claims, and summary judgment is necessary.

As to Ms. Rios, the EEOC has failed to fulfill its statutory obligation to resolve her claims short of litigation. In fact, there is no dispute that the EEOC only discovered Ms. Rios and her alleged harassment *because* of the litigation it had already initiated. Dismissal of the EEOC's suit on Ms. Rios' claims is appropriate.

Dated:      February 7, 2014               DOWLING AARON INCORPORATED

                                           By: */s/ Stephanie Hamilton Borchers*
                                               DANIEL K. KLINGENBERGER
                                               STEPHANIE HAMILTON BORCHERS
                                               MICAH K. NILSSON
                                               Attorneys for Defendant
                                               BRAUN ELECTRIC COMPANY

81019-004\01462947.DOC.