Daniel K. Klingenberger, Esq. (SBN 131134)
Stephanie Hamilton Borchers (SBN 192172)
Micah K. Nilsson, Esq. (SBN 250919)
DOWLING AARON INCORPORATED
5080 California Avenue, Suite 200
Bakersfield, California 93309
Telephone: (661) 716-3000
Facsimile: (661) 716-3005
dkk@dowlingaaron.com
sborchers@dowlingaaron.com
mnilsson@dowlingaaron.com

Attorneys for Defendant
BRAUN ELECTRIC COMPANY

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

(FRESNO DIVISION)

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiffs,<br><br>vs.<br><br>BRAUN ELECTRIC COMPANY, and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. 1:12-cv-01592-LJO-JLT<br><br>**DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>Date:       March 18, 2014<br>Time:      8:30 a.m.<br>Courtroom: 4<br><br>Trial Date: July 8, 2014 |

**TO EACH PARTY AND ITS COUNSEL OF RECORD:**

Defendant BRAUN ELECTRIC COMPANY respectfully submits the following Separate Statement of Undisputed Material Facts in support of its motion for an order entering summary judgment or, in the alternative, summary adjudication in its favor and against Plaintiff U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("Plaintiff") on the Complaint filed in the above-captioned action and/or the various claims for relief asserted therein.

/ / /

/ / /

# I.

## NO TRIABLE ISSUE EXISTS WITH RESPECT TO PLAINTIFF'S SINGLE CLAIM FOR RELIEF FOR VIOLATIONS OF TITLE VII AGAINST DEFENDANT

| UNDISPUTED MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|
| 1. Ms. Schmidt was employed by Braun for approximately 10 months. | 1. Wood Decl., ¶ 3. |
| 2. Ms. Schmidt voluntarily quit her employment on May 13, 2011, and was never demoted, disciplined or had her pay decreased while she was a Braun employee. | 2. Wood Decl., ¶¶ 10, 11. |
| 3. The first time Ms. Schmidt complained of harassment was the day she quit. | 3. Wood Decl., ¶ 12; Borchers Decl., Exhibit B, 168:8-15. |
| 4. Ms. Schmidt started at Braun as a temporary worker performing data entry in approximately May of 2011, and became an employee of Braun in approximately July of 2011. | 4. Wood Decl., ¶ 3. |
| 5. In September of 2011, Ms. Schmidt interviewed for and accepted a position as a "scheduler/planner. | 5. Wood Decl., ¶ 3. |

///
///
///
///
///
///
///

## II.

## **UNDISPUTED FACTS ESTABLISHING DEFENDANT'S *FARAGHER/ELLERT* DEFENSE**

| UNDISPUTED MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|
| 6. Braun had at the time of Ms. Schmidt's employment, and continues to have, a comprehensive Employee Handbook. | 6. Wood Decl., ¶ 4. |
| 7. The Employee Handbook is provided to all employees upon hire, and a copy is kept in company trucks. | 7. Wood Decl., ¶ 4. |
| 8. Ms. Schmidt received and was allowed to keep a copy of Braun's Employee Handbook. | 8. Borchers Decl., Exhibit B, 42:5-11. |
| 9. The Employee Handbook includes a policy statement regarding harassment in the workplace and the duties and responsibilities of Braun employees. | 9. Wood Decl. ¶ 5, ¶ 9, Exhibit A. |
| 10. All Braun supervisors receive sexual harassment training. | 10. Wood Decl., ¶ 10. |
| 11. Periodic harassment training is provided to supervisors on a regular and recurring basis. | 11. Wood Decl., ¶ 10. |

///
///
///
///
///

3
SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Case No. 1:12-cv-01592-LJO-JLT

| | |
|---|---|
| 12. Schmidt acknowledged receipt of the Employee Handbook, and signed an acknowledgment that it was her "responsibility to read and familiarize [herself] with the policies and procedures contained in the handbook." | 12. Borchers Decl., Exhibit B, 52:8-25, 53:1-25, 54:1-6, Exhibit 1 to Schmidt Deposition (last page of Exhibit B to Borchers Decl.) |
| 13. Braun's Human Resources manager, Brenda Wood, walks each new employee through the Handbook, page by page. | 13. Wood Decl., ¶ 7. |
| 14. May 13, 2013, was Ms. Schmidt's last day of employment with Braun. | 14. Wood Decl., ¶ 11. |
| 15. Ms. Schmidt voluntarily left employment with Braun. | 15. Wood Decl., ¶¶ 11, 12. |
| 16. Ms. Schmidt did not report any harassment during her employment with Braun until her last day with Braun. | 16. Bochers Decl., Exhibit B, 168:8-15; Wood Decl. ¶ 13. |
| 17. Ms. Schmidt never even considered reporting the harassment to Braun. | 17. Borchers Decl., Exhibit B, 107:9-11. |
| 18. On her last day at Braun, Ms. Schmidt told Ms. Wood that her supervisor, Mr. Robertson, had been making inappropriate, sexual comments to her and another employee. Ms. Schmidt's statements to Ms. Wood led to an immediate investigation and Mr. Robertson's subsequent termination of employment. | 18. Wood Decl., ¶ 13, 14. |

| | |
|---|---|
| 19. Ms. Schmidt did not report the harassment because another employee "knew there had been a prior complaint and she had been talked to and nothing changed." | 19. Borchers Decl., Exhibit B, 106:23-107:3, 107:17-108:3. |
| 20. Ms. Schmidt believed there was a "level of acceptance" of harassment at Braun, but stated that she held that belief because Ms. Wood described Mr. Robertson as "old school oil field" during her exit interview. | 20. Borchers Decl., Exhibit B, 168:17-21, 285:7-19, 286:3-8. |
| 21. In August of 2010, Brenda Wood received an anonymous call which alerted her to inappropriate comments made by Mr. Robertson at a company barbeque. The caller stated that Mr. Robertson had made sexual remarks regarding another employee, Lindsey Miller. | 21. Wood Decl., ¶ 15. |
| 22. Ms. Wood spoke with Ms. Miller, who confirmed that Mr. Robertson had made comments that Ms. Wood believed to be in violation of Braun's anti-harassment policy. | 22. Wood Decl., ¶ 15. |
| 23. Ms. Wood also spoke with Mr. Robertson, who confirmed that he had made inappropriate comments. | 23. Wood Decl., ¶ 15. |
| /// | |

| | | |
|---|---|---|
| 1, 2, 3 | **24.   On August 9, 2010, Mr. Robertson received a written "Discipline Action Form."** | 24.  Wood Decl., ¶ 16, Exhibit C. |
| 4, 5, 6, 7, 8, 9 | **25.   In response to the August 2010 complaint, Mr. Robertson was verbal counseled regarding Braun's anti-harassment policy and that harassment will not be tolerated by Braun as a result of his comments to Ms. Miller.** | 25.  Wood Decl., ¶ 16. |
| 10, 11, 12, 13, 14, 15 | **26.   In response to the August 2010 complaint, Mr. Robertson was told by Ms. Wood verbally and in writing that further harassing conduct would be subject to greater discipline, up to and including termination.** | 26.  Wood Decl., ¶¶ 16, 17. |
| 16, 17, 18, 19 | **27.   Mr. Robertson had never had any prior complaints of harassment or inappropriate comments made against him during his employment with Braun.** | 27.  Wood Decl., ¶ 18. |
| 20, 21, 22, 23 | **28.   Ms. Wood personally contacted Ms. Miller on a regular basis after Mr. Robertson was counseled to ask her how things were going.** | 28.  Wood Decl., ¶ 19. |
| 24, 25, 26, 27 | **29.   Ms. Miller never indicated to Ms. Wood that Mr. Robertson was engaging in any further inappropriate or harassing behavior.** | 28.  Wood Decl., ¶ 19. |

## III.

## UNDISPUTED FACTS ESTABLISHING THE EEOC'S FAILURE TO CONCILIATE MS. RIOS'S CLAIMS

| UNDISPUTED MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|
| 30. As required by Title VII, the EEOC held a conciliation conference with Braun in July of 2012. | 29. Nilsson Decl., ¶ 5. |
| 31. At the conference, the EEOC and Braun only attempted to conciliate Ms. Schmidt's claim. | 30. Wood Decl., ¶ 20; Nilsson Decl., ¶ 5. |
| 32. Prior conciliation offers by the EEOC had indicated relief for a class, but conciliation for such relief was never completed, and the EEOC identified no "similarly situated" person prior to filing its suit herein. | 31. Nilsson Decl., ¶ 4, Exhibit A; Borchers Decl., ¶ 5, Exhibit C. |
| 33. Debra Rios "[didn't] know" when she first had contact with the EEOC, but that it "could have been sometimes at the end of 2012 or early 2013." | 32. Borchers Decl., Exhibit D, 16-17. |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

| | |
|---|---|
| 34. The EEOC did not identify Ms. Rios as a "similarly situated" claimant until sometime after it had filed the complaint in this case. | 33. Borchers Decl., ¶ 5, Exhibit C. |

Dated:     February 7, 2014              DOWLING AARON INCORPORATED


                                          By: /s/ Stephanie Hamilton Borchers
                                              DANIEL K. KLINGENBERGER
                                              STEPHANIE HAMILTON BORCHERS
                                              MICAH K. NILSSON
                                              Attorneys for Defendant
                                              BRAUN ELECTRIC COMPANY

81019-004\01421242.DOC.