# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> BRAUN ELECTRIC COMPANY, and DOES 1-10, <br><br> Defendants. | 1:12-CV-01592-LJO-JLT <br><br> **ORDER ON MOTION FOR SUMMARY JUDGMENT** <br> (Doc. 50) |

**PRELIMINARY STATEMENT TO PARTIES AND COUNSEL**

Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. This Court cannot address all arguments, evidence and matters raised by parties and addresses only the arguments, evidence and matters necessary to reach the decision in this order given the shortage of district judges and staff. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to consider consent to a Magistrate Judge to conduct all further proceedings in that the Magistrate Judges' availability is far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill who must prioritize criminal and older civil cases.

**INTRODUCTION**

The U.S. Equal Employment Opportunity Commission ("EEOC") brought this action for

1

violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 against Defendant Braun Electric Company ("Braun") to seek relief for charging party Samara Schmidt ("Schmidt") and other similarly situated individuals who were adversely affected by Braun's unlawful conduct. After filing the complaint and obtaining information through the discovery process, the EEOC identified Debra Rios ("Rios") as member of the class of similarly situated individuals seeking relief through this action. Defendant Braun moved for summary judgment, or, in the alternative, summary adjudication of the EEOC's complaint. This Court previously DENIED Braun's motion as to charging party Schmidt's claims and ordered the parties to submit supplemental briefing. For the reasons discussed below, the Court DENIES Braun's motion as to the claims of Rios as the only identified member of the class of similarly situated individuals who was adversely affected by Braun's unlawful conduct.

## BACKGROUND

### A. Facts

The relevant facts in this case were outlined in this Court's March 24, 2014 Order on Braun's motion for summary judgment. (Doc. 65).

Rios and charging party Schmidt were employed by Braun. The EEOC alleges that Robertson, who was employed by Braun in a supervisory role, engaged in sexual harassment of Schmidt and of similarly situated female employees at Braun, including Rios, in violation of Title VII. For the purpose of this motion, Braun agrees that Schmidt and Rios were subject to sexual harassment.

### B. Procedural History

Schmidt filed a charge of discrimination with the EEOC alleging that she was subject to sexual harassment at Braun in violation of Title VII. The EEOC conducted an investigation and issued a Letter of Determination finding that Schmidt and similarly situated individuals were subjected to unlawful discrimination based upon their sex, female, in violation of Title VII.

The EEOC provided a proposed conciliation agreement to Braun on July 12, 2012, and the parties held a conciliation conference on July 16, 2012. The parties failed to conciliate.

The EEOC brought this action against Braun on September 27, 2012 alleging violations of Title VII of the Civil Rights Act of 1964 as well as of Title I of the Civil Rights Act of 1991. On

December 31, 2012, the parties filed a joint scheduling report in which the EEOC proposed June 30, 2013 as the deadline "to inform Braun of additional claimants upon whom the EEOC is seeking relief for [sic] in the instant action." (Doc. 5, 3:2-3:4). On May 28, 2013, the EEOC identified Rios as an additional claimant in supplemental disclosures.

On February 7, 2014, Braun filed the instant motion for summary judgment of the claims of charging party Schmidt and of claimant Rios, as the only identified member of the class of similarly situated individuals. On March 24, 2014, this Court denied Braun's motion for summary judgment as to Schmidt's claims and ordered the parties to submit supplemental briefing as to Rios. EEOC and Braun each submitted supplemental briefing on March 31, 2014. For the reasons discussed below, this Court DENIES Braun's motion for summary judgment as to the EEOC's claims on behalf of Rios as the only identified member of the of the class of similarly situated individuals who were harmed by sex discrimination in violation of Title VII.

## DISCUSSION

## Motion for Summary Judgment

### A. Legal Standard

Fed .R. Civ. P. 56(b) permits a "party against whom relief is sought" to seek "summary judgment on all or part of the claim." "A district court may dispose of a particular claim or defense by summary judgment when one of the parties is entitled to judgment as a matter of law on that claim or defense." *Beal Bank, SSB v. Pittorino*, 177 F.3d 65, 68 (1st Cir. 1999).

Summary judgment is appropriate when there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); *Matsushita Elec. Indus. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Assn*., 809 F.2d 626, 630 (9th Cir. 1987). The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec*., 475 U.S. at 586, n. 11; *International Union of Bricklayers v. Martin Jaska, Inc*., 752 F.2d 1401, 1405 (9th Cir. 1985).

The evidence of the party opposing summary judgment is to be believed, and all reasonable inferences that may be drawn from the facts before the court must be drawn in favor of the opposing

party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Matsushita,* 475 U.S. at 587. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–252.

To carry its burden of production on summary judgment, a moving party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Companies*, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000); *see, High Tech Gays v. Defense Indus. Sec. Clearance Office*, 895 F.2d 563, 574 (9th Cir. 1990). "[T]o carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact." *Nissan Fire*, 210 F.3d at 1102; *see High Tech Gays*, 895 F.2d at 574. "As to materiality, the substantive law will identify which facts are material." *Anderson*, 477 U.S. at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*.

"If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire*, 210 F.3d at 1102–1103; *see, Adickes v. S. H. Kress & Co*., 398 U.S. 144, 160 (1970). "If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Nissan Fire*, 210 F.3d at 1103; *see, High Tech Gays*, 895 F.2d at 574. "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." *Nissan Fire*, 210 F.3d at 1103; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make the showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.")

"But if the nonmoving party produces enough evidence to create a genuine issue of material fact, the nonmoving party defeats the motion." *Nissan Fire*, 210 F.3d at 1103; *see, Celotex*, 477 U.S. at 322. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to

require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp*., 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co*., 391 U.S. 253, 288–289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

"In cases that involve ... multiple causes of action, summary judgment may be proper as to some causes of action but not as to others, or as to some issues but not as to others, or as to some parties, but not as to others." *Barker v. Norman*, 651 F.2d 1107, 1123 (5th Cir. 1981); *see also, Robi v. Five Platters*, Inc., 918 F.2d 1439 (9th Cir. 1990); *Cheng v. Commissioner Internal Revenue Service*, 878 F.2d 306, 309 (9th Cir. 1989). A court "may grant summary adjudication as to specific issues if it will narrow the issues for trial." *First Nat'l Ins. Co. v. F.D.I.C*., 977 F.Supp. 1051, 1055 (S.D. Cal. 1977).

**B.    Analysis**

Braun agrees, for the purpose of this motion, that Schmidt and Rios were subject to sexual harassment during their employment at Braun in violation of Title VII. Braun argues that this Court lacks subject matter jurisdiction over the claims of Rios or any other similarly situated individual because the EEOC failed to conciliate the claims of or relief for similarly situated persons in its conciliation conference.

"Conciliation is a 'jurisdictional condition[ ] precedent to suit by the EEOC.'" *EEOC. v. Bruno's Rest*., 13 F.3d 285, 288 (9th Cir. 1993) (quoting *EEOC v. Pierce Packing Co*., 669 F.2d 605, 608 (9th Cir. 1982). Where the EEOC "failed to conduct an investigation and made no reasonable cause determination . . . there was 'no framework which would make conciliation attractive or efficacious.'" *Id*. (quoting *Pierce Packing Co*., 669 F.2d at 608).

The facts here show no such deficiencies in the EEOC's pre-litigation conduct. The parties do not dispute that the EEOC, after receiving Schmidt's charge of sex discrimination, conducted an investigation and made a reasonable cause determination. During its investigation, the EEOC discovered that a class of similarly situated individuals employed by Braun who worked with Robertson also may have been harmed by Robertson's sexual harassment. The parties further agree that the EEOC provided a proposed conciliation agreement that sought monetary relief for Schmidt and

for a class of similarly situated individuals and that the EEOC negotiated with Braun for relief during the conciliation conference.

Braun provides no authority to show that the EEOC cannot litigate Rios's claims where the EEOC investigated a charge of harassment, discovered that the same harassment may have happened to other employees who had contact with the same supervisor at the same facility, made a reasonable cause determination, and offered a conciliation agreement that provided for relief for employees in a class who were similarly harassed by the same supervisor at the same Braun facility.  In fact, the Ninth Circuit has even "allowed the EEOC to litigate allegations of *different* types of discrimination discovered during investigations of other charges of discrimination."  *Lucky Stores, Inc. v. EEOC*, 714 F.2d 911, 912 (9th Cir. 1983) (citing *EEOC v. Occidental Life Ins. Co. of California*, 535 F.2d 533 (9th Cir. 1976), *EEOC v. Hearst Corp., Seattle Post-Intelligence Division*, 553 F.2d 579 (9th Cir. 1976)) (emphasis added).  "The court in *Occidental Life* allowed the new claims because the information supporting them came from a reasonable investigation of the charges filed."  *Id.* (citing *Occidental Life*, 535 F.2d at 541).  "In *Hearst*, the court similarly allowed the EEOC to bring a civil suit alleging discrimination *unlike* that alleged by the charging party."  *Id.* (citing *Hearst*, 553 F.2d at 581) (emphasis added).  After discussing the holdings in *Occidental Life* and *Hearst*, the Ninth Circuit in *Lucky Stores* emphasized that their instant case "involve[ed] identical claims of discrimination at different facilities of the same defendant" and held that the defendant "received 'adequate notice during administrative investigation of the substance of the issue subsequently raised[.]'"  *Id.* (quoting *Occidental Life*, 535 F.2d at 542).  Here, the facts are even less favorable to Braun's argument.  The EEOC makes identical claims of discrimination on behalf of Rios against the same supervisor at the same facility of the same defendant.  Braun presents no evidence that it lacked adequate notice of the substance of Rios's claims, later raised by the EEOC, during the EEOC's administrative investigation of Schmidt's charge.  "Moreover, 'in a class action suit, [t]he EEOC is not required to provide documentation of individual attempts to conciliate on behalf of each potential claimant.'"  *Bruno's Rest.*, 13 F.3d at 289 (quoting *EEOC v. Rhone–Poulenc, Inc.*, 876 F.2d 16 (3d Cir. 1989)).

Because Braun fails to show that the EEOC's pre-litigation conduct was insufficient as a matter of law to give this Court jurisdiction over the EEOC's claims on behalf of Rios, Braun's motion

for summary adjudication as to the EEOC's claims on behalf of Rios is DENIED.

**CONCLUSION AND ORDER**

For the reasons discussed above, the Court DENIES Defendant Braun Electric Company's motion for summary adjudication as to Plaintiff EEOC's claims on behalf of Debra Rios as the only identified member of the class of similarly situated individuals who were harmed by sexual harassment in violation of Title VII.

IT IS SO ORDERED.

Dated: **April 2, 2014**        /s/ Lawrence J. O'Neill
                                UNITED STATES DISTRICT JUDGE